IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EDDIE ALLEN                                                                                         PLAINTIFF

v.                                        NO. 4:07CV00676 HDY

MICHAEL J. ASTRUE,                                                                          DEFENDANT
Commissioner of the Social
Security Administration

MEMORANDUM OPINION AND ORDER

BACKGROUND. The record reflects that in April of 2005, plaintiff Eddie Allen ("Allen") filed applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). His applications were denied initially and upon reconsideration. He next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In February of 2007, the ALJ issued a ruling adverse to Allen. He appealed the ruling to the Appeals Council where the decision of the ALJ was affirmed. The decision of the ALJ therefore became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In August of 2007, Allen commenced the proceeding at bar in which he challenged the final decision of the Commissioner.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

THE COMMISSIONER'S FINDINGS. The record reflects that the Commissioner made his findings pursuant to the five step sequential evaluation process. At step one, he found that Allen has not engaged in substantial gainful activity since March 7, 2005, that being, the alleged onset date. At step two, the Commissioner found that Allen is severely impaired as a result of a left shoulder fracture. At step three, the Commissioner found that Allen does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations. The Commissioner then assessed Allen's residual functional capacity and found it to be as follows:

> ... [Allen] has the residual functional capacity to [footnote omitted] maintain employment at the level of lifting and carrying a maximum of 20 pounds occasionally and 10 pounds frequently; stand and walk for about 6 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour workday. Due to pain in shoulder and dizziness, [Allen] must not climb scaffolds, ladders, and ropes. [He] must never reach overhead or bilateral but [he] can occasionally reach with [his] left arm which is non-dominate. [He] must not work around unprotected heights, dangerous equipment or machines.

See Transcript at 14.  At step four, the Commissioner found that Allen does not retain sufficient residual functional capacity to perform his past relevant work.  At step five, the Commissioner solicited the testimony of a vocational expert who testified that a hypothetical individual of Allen's age, education, work experience, and residual functional capacity can perform other jobs that exist in significant numbers in the national economy.  On the basis of the vocational expert's testimony, the Commissioner concluded that Allen is not disabled within the meaning of the Act.

ALLEN'S ASSERTIONS.  Are the Commissioner's findings supported by substantial evidence on the record as a whole?  Allen thinks not and advances the following five reasons why: (1) "[t]he evidence submitted to the Appeals Council was new and material such that the [Commissioner's] decision is contrary to the weight of all the evidence now in the record;" see Document 5 at 15; (2) substantial evidence on the record as a whole does not support the Commissioner's finding at step two that Allen's only severe impairment is his left shoulder fracture; (3) substantial evidence on the record as a whole does not support the Commissioner's assessment of Allen's residual functional capacity; (4) "[the Commissioner] erred by failing to consider that [Allen] was disabled for at least a closed period of one year, considering the date of the injury and the date that the workers' compensation doctor released [Allen]," see Document 5 at 22; and (5) the Commissioner erred by failing to fully develop the record with regard to Allen's blurred vision.

<u>EVIDENCE SUBMITTED TO THE APPEALS COUNCIL</u>.  Allen maintains that the medical records he submitted to the Appeals Council after the administrative hearing but before the Commissioner's final decision are new and material evidence that warrants remanding this proceeding.  Allen specifically maintains that the records reflect "acute disc herniation at C4-C5 with large disc ridge complex at C5-6 leading to cord impingement" which provides a medical explanation for his "subjective complaints of neck pain, radiculopathy, back pain, and headaches."  <u>See</u> Document 5 at 15, 17.

The record reflects that the administrative hearing was conducted on October 19, 2006.  On November 13, 2006, Allen was examined by Dr. Keith Ison ("Ison"), who found Allen to suffer from "chronic neck and back pain along with multiple headaches."  <u>See</u> Document at 203.  On the heels of that examination, Ison ordered a magnetic resonance imaging, or MRI, of Allen's cervical spine.  Dr. Ashley Burnham ("Burnham") performed the MRI of Allen's cervical spine on November 15, 2006.  Her impressions of the MRI were as follows: "[a]cute disc herination at C4-5 with large disc ridge complex at C5-6 leading to cord impingement."  <u>See</u> Document at 202.  On February 23, 2007, the ALJ issued a ruling adverse to Allen.  In a letter dated April 20, 2007, Allen notified the Appeals Council of his intent to appeal the adverse ruling.  The letter was accompanied by the medical records containing the findings and impressions of Ison and Burnham.  The Appeals Council received the records into evidence and considered them in denying Allen's request for review.

The Court need not consider whether the medical records are new, material, and "relate[] to the period on or before the date of the ALJ's decision." See Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990) [citing 20 C.F.R. 404.970(b)]. The Appeals Council clearly considered the records in denying Allen's request for review. Once it is clear that the Appeals Council considered the evidence, the role of the Court is not to evaluate the decision to deny the request for review but is instead as follows:

> ... [the] role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. [Citation omitted]. Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing. We consider this to be a peculiar task for a reviewing court.

See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

How would the ALJ have weighed the medical records had they been available for the original hearing? Having reviewed the records, and for the following three reasons, the Court is left with the firm impression that the ALJ would have likely used them to find that Allen suffers from one or more additional severe impairments and would have incorporated those impairments into the assessment of his residual functional capacity and into the hypothetical question. First, several of the findings and impressions contained in the records were made by Ison, one of Allen's treating physician. As such, his findings and impressions are entitled to the following weight:

> A treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). These opinions are not automatically controlling, however, because the record must be evaluated as a whole. Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir.2005). We will uphold [the Commissioner's] decision to discount or even disregard the opinion of a treating physician where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Id. at 920-21 ...

See Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006). Second, Burnham appears to be a specialist, i.e., a radiologist, and as such, her impressions are not insignificant. See Hinchey v. Shalala, 29 F.3d 428 (8th Cir. 1994) (greater weight given to opinion of specialist about medical issue relating to area of specialty than opinion of source not a specialist). See also 20 C.F.R. 416.927(d)(5). Last, the Court tends to agree with Allen that the records offer a medical explanation for some of his subjective complaints. The Court therefore finds that the Commissioner's findings are not supported by substantial evidence on the record as a whole, and a remand is warranted.

THE COMMISSIONER'S FINDING AT STEP TWO. Allen next maintains that substantial evidence on the record as a whole does not support the Commissioner's finding at step two that Allen's only severe impairment is his left shoulder fracture. He specifically maintains that he also complained of "headaches, right arm pain, neck pain, back pain, and dizziness/vertigo" and "each of [those] impairments met [the] step two severity." See Document 5 at 17, 18.

At step two, the Commissioner is obligated to identify the claimant's impairments and determine whether they are severe. An impairment is severe if it has "'more than a minimal effect on the claimant's ability to work.'" See Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1992) [quoting Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir. 1989)]. The determination at step two is a medical determination. See Bowen v. Yuckert, 482 U.S. 137 (1987).

The record reflects that at step two, the ALJ found that Allen is severely impaired as a result of a left shoulder fracture. The ALJ failed to find that Allen is severely impaired as a result of any other impairment. The Court has now found, however, that had the ALJ had the benefit of the medical records prepared by Ison and Burnham, the ALJ would have likely used them to find that Allen suffers from one or more additional severe impairments. Because the ALJ should have the first opportunity to make that determination, a remand is warranted. Upon remand, the ALJ should consider whether the medical records support the finding of any additional severe impairments.

<u>THE COMMISSIONER'S FINDING AS TO ALLEN'S RESIDUAL FUNCTIONAL CAPACITY</u>. Allen next maintains that substantial evidence on the record as a whole does not support the Commissioner's assessment of Allen's residual functional capacity. Allen specifically maintains that the Commissioner erred in "[focusing] exclusively on [Allen's] left shoulder injury" and in relying upon a workers' compensation evaluation that did not take into account "the combination of all [of] his impairments." See Document 5 at 21.

Residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004) [citing 20 C.F.R. 404.1545(a)(1)]. The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the person's] ability to function in the workplace." See Id. at 539 [citing Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003)].

The record reflects that Allen was found to retain sufficient residual functional capacity to perform a range of light work. That determination was obviously made without the benefit of the medical records prepared by Ison and Burnham. The Court has now found that had the ALJ had the benefit of the medical records, the ALJ would have likely used them to find that Allen suffers from one or more additional severe impairments and would have incorporated those impairments into the assessment of his residual functional capacity. Because the ALJ should have the first opportunity to make that determination, a remand is warranted. Upon remand, the ALJ should consider whether the medical records support the finding of additional severe impairments and, if so, incorporate them into the assessment of Allen's residual functional capacity.

ALLEN'S BLURRED VISION. Allen maintains that the Commissioner erred by failing to fully develop the record with regard to Allen's blurred vision. He specifically maintains that the complete notes of Dr. Laura Massey ("Massey") and a Dr. Megeehee ("Megeehee") were never obtained and considered by the Commissioner.

Clearly, the Commissioner has an obligation to fully and fairly develop the record. See Battles v. Shalala, 36 F.3d 43 (8th Cir. 1994). The Court need not determine whether he did so in this instance because this proceeding is being remanded so that he can consider the medical records prepared by Ison and Burnham. Upon remand, the Commissioner shall accord Allen the opportunity to obtain and offer the complete notes of Massey and Megeehee.

CONCLUSION. In conclusion, the Commissioner's findings are not supported by substantial evidence on the record as a whole. Having reviewed the medical records prepared by Ison and Burnham, the Court is left with the firm impression that the ALJ would have likely used the records to find that Allen suffers from one or more additional severe impairments and would have incorporated those impairments into the assessment of his residual functional capacity and into the hypothetical question. Upon remand, the Commissioner shall consider the medical records prepared by Ison and Burnham, as well as accord Allen the opportunity to obtain and offer the complete notes of Massey and Megeehee. Accordingly, the Commissioner's decision is reversed, and this proceeding is remanded. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991). Judgment will be entered for Allen.[1]

---

[1] The Court takes no position on Allen's assertion that "[the Commissioner] erred by failing to consider that Allen was disabled for at least a closed period of one year, considering the date of the injury and the date that the workers' compensation doctor released [Allen]." See Document 5 at 22.

IT IS SO ORDERED this __12___ day of June, 2008.


_____
UNITED STATES MAGISTRATE JUDGE